

9/30/2024

Judge Stephanie A. Gallagher

    Re:    United States v Steen (1:23-cr-00102), District Court, D. Maryland

Your Honor:

    Following your honor's order on 9/24 stating that both the prosecution and defense were denied their motions to seal and ordering them to redact "only identities of minors and other similarly sensitive information," the defense has taken the liberty of redacting their sentencing memorandum far more than that. Their initial request in their motion to seal was simply to protect "sensitive personal information about the defendant and his family that should remain confidential." They did not move to seal based on the need to protect the people who submitted sentencing memos on the defendant's behalf.

    However, following the Court's explicit orders to restrict redactions to what was strictly necessary the defense unilaterally decided to respond by writing a letter to the Court essentially filing a letter motion for reconsideration, presenting their argument, ruling in their own favor, and then acting on that ruling by engaging in expansive redactions that are clearly in violation of the Court's order.

    The Court's intent was clear in its ruling, to preserve the public's access to court filings. If the defense wishes to challenge the Court's ruling on this matter they should allow the Court the courtesy of its traditional role as arbiter of that decision.

    As I mentioned in my initial communication to the Court, the public's interest in these letters and video are more than mere curiosity. Cases involving sexual violence have far reaching implications for other survivors in a community. How a case is handled, both by the Court and by the community, have an effect on future survivors' conduct in future cases. Whether a survivor discloses, whether they feel safe confiding in community leaders, whether they feel inspired to seek justice – all of these considerations are in the minds of survivors of sexual violence in a community when a case like this plays out in public.

    The decision to disclose often relies on whom the survivor can rely on for support following the disclosure. Approaching the wrong person can keep them silent for another decade during which their abuser can and often does continue abusing more victims. Preventing further abuse of children is the ultimate public interest, and given how difficult it is for survivors to disclose already, any consideration that makes disclosure more likely must be given due consideration.

    I ask the court to enforce its existing order and order the defense to comply with it. Redactions protecting the identity of the defendant's family are reasonable, but redactions protecting his relationship with third parties are not. Neither are redactions protecting the identities of the letter



writers. Their identities and the nature of their relationships with the defendant are not "similarly sensitive" to the identity of the victim or other minors. That they may have written their letters with the expectation of confidentiality would only be true because the defense intended to give it to them whether the court granted or denied their motion. Intent to violate a direct Court order should not be the basis to allow confidentiality against the interest of the public's right to access, and against the interests of survivors of sexual violence.

Sincerely,

*Asher Lovy*

Asher Lovy
Executive Director
347-799-7836
Asher@zaakah.org